JOHN STEWART and others *v.* THOMAS B. SMITHSON and others.

In an action to restrain the defendants' use of the plaintiffs' trade-mark upon an article intrinsically valuable, it is no defence that the trade-mark in question is a false and fraudulent one, used by the plaintiff with intent to deceive, and that the article which is accompanied by it is not what the trade-mark indicates it to be. In such an action the trade-marks containing these words respectively:—one of them, "H. & M.'s" patent thread, Barnsley," and the other, "G. & W.'s celebrated patent thread, Berwick," *held*, that it was no defence that the threads were not patented, and were not made by the persons whose names they bore, nor by their assignees or successors, nor at the places designated on the trade-marks, but that the trade-marks were false and fraudulent; and a motion to amend the answer, by inserting allegations to that effect, was properly denied.

APPEAL from an order at special term, denying a motion for leave to amend an answer. This action was brought to enjoin the defendants from using the plaintiffs' trade-mark, and for an accounting.

The complaint alleged that the plaintiffs were the manufacturers of a linen thread, called "Hall and Moody's patent

thread," and marked "Barnsley," which was well known in the market by that name, and to which a trade-mark of that name was attached, which belonged to them, and which they had used for a number of years. Also, that they were the manufacturers of another kind of thread, called "Grant and Wilson's cele brated patent thread," and marked "Berwick," to which that name was appended as a trade-mark, and by which it was well known in the market. It also averred that the defendants were using the plaintiffs' trade-mark to their damage—selling an inferior thread, and at a lower price, but marked in the same way.

The answer consisted mainly of a denial of the allegations in the plaintiffs' complaint, accompanied with averments that the thread which the defendants sold was manufactured by F. W. Hayes & Co., in Ireland, and was sent to them, and sold by them as agents of Hayes & Co.

After issue joined, the defendants moved to amend their an- swer by adding the following allegations:

"And the defendants, on information and belief, state that the mark claimed by the plaintiffs, and set out in the third section of the complaint, viz., 'Hall and Moody's patent thread, Barnsley,' was, and is a false and fraudulent mark, used by the plaintiffs with intent to deceive and defraud, and that the thread containing said mark, sold, or kept for sale, by the plaintiffs, was not and is not patent, and that no patent for said thread has ever existed. Nor was said thread manufactured by Hall and Moody, nor by any person or persons, their assignees or successors; nor was said thread manufactured at or brought from Barnsley—all which the plaintiffs well knew."

And also the following allegations as to the trade-mark called "Grant and Wilson's celebrated patent thread, Berwick," viz.:

"And the defendants, on information and belief, say that the mark claimed by the plaintiffs, and set out in the ninth section of the complaint, viz., 'Grant and Wilson's celebrated patent thread, Berwick," was, and is a false and fraudulent mark, used by the plaintiffs with intent to deceive and defraud, and that the thread containing said mark, sold or kept for sale by the

plaintiffs, was not, and is not patent thread, and that no patent for said thread has ever existed. Nor was said thread manufactured by Grant and Wilson, nor by any other person or persons, their assignees or successors; nor was said thread manufactured at or brought from Berwick—all which the plaintiffs well knew."

A number of affidavits were introduced on the part of the plaintiffs, on the motion, for the purpose of contradicting these allegations; but their consideration is not necessary here, inasmuch as the motion was denied upon the ground that the proposed amendments constituted no defence. From the order denying the motion the defendants appealed.

*Robert Gillen*, for appellants.

*Martin and Smiths*, for respondents.

BRADY, J.—The defendants, in the amendments which they asked leave to make to their answer at special term, have not alleged sufficient facts to constitute a defence. The mere fact that names used on a trade-mark are fictitious would not authorize the use of it by strangers. The question to be determined in these cases is, whether the mark used by the party claiming the protection of the court is owned by him, without regard to its form, which such party has a right to design according to his judgment or his fancy. If the defendants had alleged that the firm names used on the mark never existed, that would, for the reason stated, furnish no justification for their use of it, and it would not have presented a defence in this action. They have not done so, however, nor have they alleged that firms, whose names do appear on the mark, did exist, and that the use of their names by the plaintiffs was wholly unauthorized. If they had alleged this, then, in the application of the maxim *potior est conditio defendentis*, the courts might relieve them from any disturbance by the plaintiffs. The amendments offered do not contain anything meritorious, as suggested by

Judge Woodruff, and do not contain a strictly legal answer to the plaintiffs' claim. This is a sufficient reason why the favor of the court should not be extended to them, and the order of the special term must be affirmed.